IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS O. TATE, #180 664, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-137-WHA |
| | ) | [WO] |
| AL BD. PARDONS AND PAROLES, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an indigent

state inmate presently incarcerated at the Fountain Correctional Facility in Atmore, Alabama.

Under the provisions of 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on

appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer indigent prisoners to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

## I. DISCUSSION

Upon initiating this case, Plaintiff did not pay the required $350.00 filing fee and $50 administrative fee, nor did he file an application for leave to proceed *in forma pauperis*. In cases with such deficiencies, the usual practice of this court is to enter an order advising Plaintiff that he must pay the full filing fee and administrative fee or submit an application for leave to proceed *in forma pauperis*. The court granted Plaintiff this opportunity. *See* Doc. 2. Plaintiff filed a response on March 21, 2017, submitted on a form for use in requesting leave to proceed *in forma pauperis*. Doc. 4. Under 28 U.S.C. § 1915(g), however, a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) are: (1) *Taite v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala. 2002); (2) *Tate v. Keahey, et al.*, Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003); and (3) *Tate v. Lawson*, Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006).[2] In addition to these civil actions, Plaintiff filed *Muhammad, II v. McIntyre, III,* No. 1:06-

---

[2]The dismissals are indicated on the docket sheets maintained by each respective court in the referenced cases. *Available at http://pacer.uscourts.gov.*

CV-228-BH-C (S.D. Ala., Sept. 27, 2006), which was dismissed for lack of subject matter jurisdiction because the § 1983 action was filed against non-state actors and the complaint was "insubstantial and frivolous." Report and Recommendation, ECF No. 19, adopted as opinion of the court by order of October 17, 2006, ECF No. 23. In *Tate v. Bass*, No. 1:07-305-KD-C (S.D. Ala., June 8, 2007), the court determined that Plaintiff's complaint was filed in violation of 28 U.S.C. § 1915(g), and also found that the decision in *Muhammad, II*, "[b]y all reasoning, … [met] the criteria of *Neitzke v. Williams*, 490 U.S. 319 [] (1989), for a frivolous action …." Report and Recommendation, ECF No. 5, adopted as opinion of the court by order of June 22, 2007, ECF No. 10. This court concludes that the summary dismissals noted above place Plaintiff in violation of 28 U.S.C. § 1915(g).

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (*citing Martin, supra*, and *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," "where time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)

The court has carefully reviewed the claims in the instant action. Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege that he was "under imminent danger of serious physical injury" when he filed

this cause of action as required to meet the imminent danger exception to the application of 28 U.S.C. §1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes that this case is due to be summarily dismissed without prejudice as Plaintiff failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1. Plaintiff's March 21, 2017, response (Doc. 4), construed as a motion for leave to proceed *in forma pauperis*, be DENIED;

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is further

ORDERED that all pending motions (Doc. 7, 9) are DENIED.

It is further

ORDERED that **on or before May 4, 2017**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's

Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 20th day of April, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge